UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANJALI VAN DRIE,

    Plaintiff,

v.                                    Case No. 2:21-cv-895-SPC-DAB

KNAUF GIPS KG, KNAUF
PLASTERBOARD TIANJIN CO.
LTD. and KNAUF NEW BUILDING
SYSTEM (TIANJIN) CO. LTD.,

    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT ISSUES PARTICULAR TO THIS CASE**

This matter is before the Court on the report and recommendation of Judge David A. Baker, entered on October 19, 2022 (the "Report"). (Doc. 50). Judge Baker recommends denying "Defendants' Motion for Summary Judgment on Issues Particular to This Case and Incorporated Memorandum of Law" (Doc. 41) to the extent it is based on a "subsequent purchaser rule," denying the motion as to diminution in value damages, and granting the motion as to loss of use damages.

**Background**

This is one of twenty-five related cases filed against the Knauf Defendants asserting claims under various legal theories for damages from defective drywall manufactured by the Knauf Defendants and placed in the stream of commerce. Specifically, Plaintiffs alleged that components of the drywall installed in their

homes reacted or broke down and released harmful sulfur compounds and other gases.

Plaintiffs' claims were previously pending in a multidistrict litigation in the Eastern District of Louisiana (MDL 09-2047), presided over by District Judge Eldon E. Fallon.  Following Judge Fallon's suggestion of remand and further proceedings, these twenty-five unresolved cases were transferred to this district, severed, and filed as separate actions.  The cases were uniformly assigned to Judge Baker for pretrial matters, including orders or reports and recommendations as appropriate.

The Knauf Defendants filed one motion for summary judgment in each of these cases addressing common issues, and one motion in each case addressing issues specific to the particular case.  **The Report at issue here addresses two issues relating to this particular case: (1) whether Plaintiff's claims are barred by a "subsequent purchaser" rule, and (2) whether Plaintiff can recover damages for loss of use and diminished value.**  The Report recommends that the Court deny the motion as to the subsequent purchaser issue and diminution in value but grant it as to loss of use.  The Knauf Defendants filed an objection to the Report on November 2, 2022.  (Doc. 52).  Plaintiff also filed an objection on November 2, 2022.  (Doc. 55).

With consent, review of the Report and consideration of any objections was assigned to the undersigned.  The case remains under the authority of its assigned district judge in all other respects.

## Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed, a court reviews the report and recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

## Analysis

After careful consideration of the record, including Judge Baker's Report, the Court adopts the Report.

### *"Subsequent Purchaser"*

The Knauf Defendants moved for summary judgment, arguing that Florida's "subsequent purchaser rule" barred claims for injury to property by persons who purchased the property after the damage was done, absent an assignment from the original purchaser. The motion did not address the timing or nature of the alleged injuries, the specific legal theories asserted, or whether this rule might apply to some of Plaintiff's claims but not to others.

Judge Baker concluded that the broad and absolute rule as stated by the Knauf Defendants did not reflect Florida law, which allows subsequent purchasers

"to assert claims in a number of contexts." (Doc. 50 at 6) (quoting *Karpel v. Knauf Gips KG*, No. 21-24168-Civ-Scola, 2022 WL 4366946, at *2 (S.D. Fla. Sept. 21, 2022)). Judge Baker declined to analyze the issue in more detail on a count-by-count basis because the Knauf Defendants had not provided any analysis or authority for such an approach.

The Court agrees with Judge Baker's findings and conclusions. Judge Baker properly rejected the overly broad "subsequent purchaser" rule argued in the Knauf Defendants' motion for summary judgment. The Knauf Defendants' objection to the Report retreats from advocating a broad-based rule, arguing instead only that Plaintiff's claim for breach of implied warranty fails under a different legal principle from the "subsequent purchaser" rule posited in their motion. Judge Baker properly declined to undertake a count-by-count analysis not argued in the summary judgment motion, and the undersigned similarly declines to consider an argument presented for the first time in the Knauf Defendants' objection. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (holding that district judge has the discretion to decline to consider an argument raised for the first time in an objection).

### *Damages*

The Knauf Defendants argue that Plaintiff has no evidence to support her claim for damages for diminution in the value of the house or for loss of use. As to loss of use, Judge Baker recommends the motion be granted, noting the Knauf

Defendants' argument that Plaintiff has continued to live in the house and was generally unaware of problems with the drywall until 2018. As to diminution in value, Judge Baker concludes that Plaintiff's evidence is weak and potentially inadmissible but sufficient to avoid summary judgment. The Knauf Defendants did not object to the Report as to the diminution in value issue. The Court agrees with the conclusions in the Report.

Therefore, the Court adopts the Report, and denies the motion for summary judgment based on a "subsequent purchaser rule" and as to diminution in value, but grants the motion as to loss of use damages.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The report and recommendation (Doc. 50) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

**2.** "Defendants' Motion for Summary Judgment on Issues Particular to This Case and Incorporated Memorandum of Law" (Doc. 41) is **GRANTED IN PART** and **DENIED IN PART.**

3. The motion is **GRANTED** with respect to Plaintiff's claimed damages for loss of use.

4. The motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 3d day of February, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**