UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANJALI VAN DRIE,

    Plaintiff,

v.                                       Case No.: 2:21-cv-895-SPC-DAB

KNAUF GIPS KG, KNAUF
PLASTERBOARD TIANJIN CO.
LTD. and KNAUF NEW
BUILDING SYSTEM (TIANJIN)
CO. LTD.,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is United States Magistrate Judge David Baker's Report and Recommendation on Motion for Partial Summary Judgment on Issues Common to All Cases ("R&R"). (Doc. 49). Defendants have objected to the R&R (Doc. 53) with supplemental authority (Doc. 60; Doc. 62). Plaintiff Anjali Van Drie has responded to neither of Defendants' objections. The R&R is ripe for review.

This product liability action involves Chinese-manufactured drywall. It was part of a decade-long multidistrict litigation before returning to this Court

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

for summary judgment and trial.[2] The R&R details the full background and procedural history, which the Court adopts but need not repeat.

Defendants move for partial summary judgment on two issues, only one of which is relevant here.[3] The lingering issue centers on a Florida law that bars successive punitive damages awards—§ 768.73(2)(a). It prevents punitive damages in a civil action against a defendant who "establishes, before trial, that punitive damages have previously been *awarded* against that defendant in any state or federal court in any action alleging harm from the same act or single course of conduct for which the claimant seeks compensatory damages." Fla. Stat. § 768.73(2)(a) (emphasis added). This provision, however, is not absolute. There's an exception: if "the court determines by clear and convincing evidence that the amount of prior punitive damages awarded was insufficient to punish that defendant's behavior, the court may permit a jury to consider a subsequent award of punitive damages." Id. § 768.73(2)(b).

Relying on § 768.73(2), Defendants argue that Plaintiff cannot recover punitive damages because a state court jury already gave a $6 million punitive damages award for the same defective drywall. See *Robin v. Knauf*

---

[2] Twenty-four other cases were transferred to this District, severed, and filed as separate actions.

[3] Defendants also moved to limit Plaintiff's recovery on the Florida Deceptive and Uniform Trade Practices Act claim. The R&R recommended granting the motion (Doc. 49 at 28-32), and United States District Judge Thomas Barber, with the undersigned's consent, adopted the recommendation (Doc. 58). The undersigned thus need not revisit the FDUTPA issue.

*Plasterboard (Tianjin) Co. Ltd.*, Case No. 10-59323-CA-01 (Fla. Cir. Ct. 2013). Plaintiff, in turn, claims § 768.73(2)'s applicability isn't so clear cut. He mainly argues the Court cannot decide the sufficiency of the punitive damage award in *Robin* because that case ended with a post-judgment settlement, the terms of which remain secret. Plaintiffs thus argue it is unknown how much of the punitive damages Defendants actually paid.

The R&R addressed the parties' arguments on § 768.73(2). Starting with subsection (a), it recommended interpreting the term "awarded" to require a "prior final enforceable judgment for punitive damages for the statutory shield to become effective." (Doc. 49 at 21). Because of that interpretation, the R&R reasoned the $6 million punitive damages in *Robin* was not an award because the case settled before the appeal was resolved. It thus recommended denying summary judgment and keeping Plaintiff's claim for punitive damages alive despite § 768.73(2)(a). Defendants object to the R&R's statutory interpretation,[4] which the Court sustains.

*Knauf Plasterboard (Tianjin) Co. v. Ziegler*, 219 So. 3d 882 (Fla. 4th DCA 2017) is the starting point because (1) Florida substantive law controls this diversity action; (2) the Florida Supreme Court has yet to interpret the meaning of "awarded" in § 768.73(2); and (3) there's no persuasive sign the

---

[4] With consent, United States District Judge Thomas Barber reviewed the R&R. But he deferred ruling on the application of § 768.73(2) to the undersigned. (Doc. 58 at 5).

3

Supreme Court would decide the issue differently. *See generally SE Prop. Holdings, LLC v. Ruston C. Welch*, No. 21-11736, 2023 WL 2878735, at *3 (11th Cir. Apr. 11, 2023) (citations omitted). In *Ziegler*, the defendants argued that § 768.73(2) was "clear on its face," and the amount of punitive damages paid in the *Robin* settlement was irrelevant because § 768.73(2) speaks only in terms of an award. 219 So. 3d at 885. The trial court disagreed and allowed discovery on how much punitive damages they actually paid. The Fourth DCA reversed. It reasoned that "awarded" did not mean "actually paid":

> [S]ection 768.73(2) speaks only in terms of a prior punitive damage "award." In fact, some derivation of the word "award" appears eight times within this subsection. But, not once does any derivation of the word "paid" appear. The statute is clear on its face. We will not infer any other meaning than the plain words chosen by the legislature.

*Id.* at 885-86 (citations omitted). Defendants thus point to *Ziegler* as binding precedent. And the Court agrees.

Like other judges in this District have decided, the plain language of § 768.73(2)(a) and *Zeigler* give binding precedent on how to interpret the term "awarded." *See Kopach v. Knauf Gips KG*, No. 8:21-cv-2779-SCB-DAB (M.D. Fla. April 21, 2023); *Judge v. Knauf Gibs KG*, No. 2:21-cv-889-JES-DAB (M.D. Fla. Apr. 14, 2023); *Ball v. Knauf Gips, KG*, No. 8:21-cv-2773-TPB-DAB (M.D. Fla. Mar. 23, 2023).[5] The Florida Legislature repeatedly used the word

---

[5] This Order adopts the R&R in part and rejects it in part for the same reasons Judges Barber, Steele, and Bucklew stated in their Orders which are adopted and incorporated here.

"award"—and never "paid" or similar language—in drafting subsection (a). And that word choice means something. So the Court will not expand the term "awarded" to require actual payment. Rather, "awarded" means a jury verdict or a judgment for punitive damages, without regard to settlement, payment, or the award's appellate status. In other words, § 768.73(2)(a) does not require a final enforceable judgment for punitive damages before its preclusive effect triggers.

With that understanding in mind, the Court finds that Defendants have established the $6 million punitive damages from *Robin* is a prior award under § 768.73(2)(a). It is enough that the plaintiffs in *Robin* received a jury verdict imposing punitive damages, the trial court entered a final judgment that imposed the damages, and Defendant filed a satisfaction of final judgment to trigger § 768.73(2)'s ban on successive punitive damages award.

But the Court's analysis does not end there—there's the exception to consider. The exception to the presumptive rule on successive punitive damages provides:

> (b) In subsequent civil actions involving the same act or single course of conduct for which punitive damages have already been awarded, *if the court determines by clear and convincing evidence that the amount of prior punitive damages was insufficient to punish that defendant's behavior, the court may permit a jury to consider an award of subsequent punitive damages*. In permitting a jury to consider awarding subsequent punitive damages, the court shall make specific findings of fact in the record to support its conclusion. *In addition, the court may consider whether*

5

> *the defendant's act or course of conduct has ceased.* Any subsequent punitive damage awards must be reduced by the amount of any earlier punitive damage awards rendered in state or federal court.

Fla. Stat. § 768.73(2)(b) (emphasis added).

Based on the current record, the Court cannot decide—by clear and convincing evidence—that the $6 million punitive damage award in *Robin* was sufficient or insufficient to punish Defendants. The parties offer competing narratives and evidence that leaves the Court unable to decide the sufficiency of the *Robin* punitive damage award. For example, Defendants stress how, on top of the $6 million punitive damages award, it has also paid hundreds of millions of dollars through the multidistrict litigation for remediation, settlement funds, legal fees, etc. Because they have "stepped up to the plate," Defendants maintain they need not be punished more. Plaintiff offers a different perspective. Although Defendants have paid $663 million in damages, Plaintiff argues the *Robin* award of $6 million represents less than one percent of the amount. On this point, the Court agrees with the R&R that a factual dispute prevents summary judgment: "[I]t is obvious that the facts and their interpretation and implications are very much in dispute. Viewed as a whole, the record could support findings both reprehensible and laudable aspects of Defendants' activities. Sifting the evidence and reaching appropriate findings is not for resolution on summary judgment." (Doc. 49 at

6

26). The Court thus finds that issues of fact remain as to whether the *Robin* award was insufficient punishment under subsection 2(b) and denies summary judgment on this matter for further proceedings.

Accordingly, it is now

**ORDERED:**

1. Defendants' Objections (Doc. 53) are **SUSTAINED in part AND OVERRULED in part** as set forth above.

2. The Report and Recommendation (Doc. 49) is **ADOPTED in part and REJECTED in part**.

3. Defendants' Motion for Partial Summary Judgment as to Issues Common on All Cases (Doc. 40) is **GRANTED** to the extent that Defendants have shown the requirements of Fla. Stat. § 768.73(2)(a) but is **DENIED** as to the requirements of § 768.73(2)(b).

4. The Court will set a hearing to determine whether any prior award of punitive damages was insufficient to punish Defendants' behavior under Fla. Stat. § 768.73(2)(b).

**DONE** and **ORDERED** in Fort Myers, Florida on April 26, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

7